JOHN BOYD *v.* J. F. McELROTH, ET AL.

**Principal and Surety—Release of Surety.**

　　Where a surety on a note is induced by the representations of the holder and obligee in the note to believe that his name was torn off and he was no longer responsible, and these representations prevented him from obtaining indemnity or securing himself, he will be released upon such note, and the release of one surety on the note will also release the other.

APPEAL FROM GRAVES CIRCUIT COURT.

February 9, 1876.

Opinion by Judge Pryor:

If Peryear was induced by the representation of the holder and obligee in the note to believe that his name was torn off, and he was no longer responsible, the jury rendered a proper verdict in the case; they further believed that this representation prevented him from obtaining indemnity or securing himself in his liability on the note; that he acted upon the belief that he was released is evident from all the facts and circumstances in the case, and it was an afterthought in the appellant to attempt to make the sureties responsible. They could have saved themselves harmless or released themselves from liability to a great extent but for the assurance that Peryear was released, and so well satisfied did he seem to feel in this regard that no effort was made to secure the debt or any legal proceedings instituted to enforce its payment.

The defense of Peryear is sustained by the testimony of Dr. Boyd, and from his statement it is evident that when his father left Kentucky he had no idea of attempting to make these sureties responsible. It may be a matter of doubt whether the property sold that belonged to the wife could have been subjected to the payment of the note; still it is shown that Bush owned some property that was liable, and the assurances of the appellant prevented the sureties from attempting even to collect any part of it. The court, in a case like this, will hardly attempt to regard what might have been the equities of the wife as against the right of these sureties. The husband had the money of the wife in his possession. He might have paid it to the sureties in discharge of the note; and at any rate Peryear was prevented from the attempt to subject it by the statement of the holder that his name had been torn off.

The instructions given in behalf of Peryear contain in substance the law of the case; and although the instructions may be regarded as objectionable, so far as the other surety was concerned, this cannot affect the rights of Peryear; and the inevitable result must be upon the facts of this record, that if Peryear was released the other surety was also, and this should have been the instruction given. There is no evidence in the record showing that McElrath agreed to remain liable on the note. His name was already on the note, and the fact that he failed to require the holder to erase it did not enlarge his liability. The release of Peryear released McElrath unless he agreed to remain liable, and of this there is no evidence. When asked whether he wanted his name torn off, he replied, in substance that he did not know; that himself and Peryear had talked

together and concluded that the note must be fixed up before Bush left. There was no consent to remain bound or any assent to Peryear's release, so the instructions given effecting McElrath were prejudicial to him and not the appellant. If a verdict had been found releasing Peryear and holding McElrath bound, it could not have been sustained as to the latter. The case was fairly presented as to Peryear, and the instructions given, in which the jury was told that McElrath might be held liable, although the other surety was released, were more favorable to appellant than the facts authorized. Judgment *affirmed*.

*W. W. Tice*, for appellant.

*S. Anderson, Stubbelfield & Smith*, for appellees.